MEYERS *v.* HEINTZ.

MASTER AND SERVANT—REASONABLE VALUE OF SERVICES.

    Where niece, who was treated as member of family and furnished with clothes, assisted in housework under agreement that she was to be paid what her services were reasonably worth, $25 per month, in addition to her clothes, *held,* reasonable value for services rendered.

Appeal from Wayne; Reid (Neil E.), J., presiding. Submitted October 26, 1932. (Docket No. 164, Calendar No. 36,841.) Decided December 6, 1932.

Assumpsit by Martha Meyers against George Heintz for balance alleged to be due for domestic services. Judgment for plaintiff. Defendant appeals. Reversed, and remanded for entry of judgment for less amount.

*Oswald C. Grattan,* for plaintiff.

*Edward Z. Wrobleski (Wm. Henry Gallagher* and *Francis Fitzgerald,* of counsel), for defendant.

McDONALD, J. This action was brought to recover a balance alleged to be due on wages for domestic services in the home of the defendant. From a judgment of $2,290 in favor of the plaintiff, the defendant has appealed.

The plaintiff is the defendant's niece. She became a member of his household in September, 1910, when she was 13 years of age, under arrangements made with the defendant's wife, now deceased. At first she was paid $2 a week in addition to her

clothes, which were furnished by Mrs. Heintz. Later this was increased to $3 per week. She remained in the family assisting her aunt with the duties of the household until the latter's death in August, 1925. During all of this time she received $3 a week and her clothing, and was treated in all respects as a member of the family. After his wife's death, the defendant retained the plaintiff as housekeeper, and paid her $50 a month for her services. She remained with him in that capacity until her marriage 10 months later. In 1915, when she had reached the age of 18 years, she claims that she had a talk with her aunt and uncle about receiving higher wages. She does not claim that any definite amount was agreed upon, but says that defendant told her it would be best if she received her money later when she would be better able to take care of it, and that he would pay her when he sold some property. She says that this promise was repeated on numerous occasions during the years that followed; that she trusted him and always thought he would keep his promise, and, for that reason, made no request for payment until after she was married and had gone to live in her own home; that three years afterward she demanded payment, and that he sent her a check for $1,000; that she declined to accept the check as payment in full, but that defendant refused to pay more, and she began this suit.

The defendant denies any promise to pay the plaintiff anything beyond the weekly wage of $3 and her clothes. He admits the payment of $1,000 in 1929. He denies that it was in recognition of her right to further wages, but says that it was a gift made in fulfillment of a promise to his wife a few days before her death.

By her suit the plaintiff claims the right to recover what her services were reasonably worth for the 10-year period immediately preceding her aunt's death in August, 1925. The issue was tried by the court without a jury and resulted in a determination that the plaintiff was entitled to $40 a month less what she had been paid as the reasonable value for her services.

We do not deem it necessary to discuss the testimony as to the contract between the parties. The trial court with its superior advantage of determining the credibility of the witness concluded that the plaintiff had established an agreement to pay her what her services were reasonably worth. We accept its conclusion and pass to the question of reasonable value.

In fixing $40 a month as the value of her services, the trial court seems to have given consideration to the testimony of Catherine Taylor, who conducted an employment agency for domestic help in Detroit. She testified to the prevailing wage for ordinary servants during the period involved in this suit. Her testimony is helpful, but the wages of this plaintiff cannot be measured by those paid to ordinary servants. She was not a servant, though she helped her aunt with the housework. She testified:

"I was treated as a member of the family. I had access to the whole house. It was my home as well as their home. * * * During the time I was a member of my uncle's household, I never considered myself a servant."

She testified that during the war the defendant bought each member of the family a $50 liberty bond, and that she was included with the others; that he always gave her Christmas presents, at one

time $50; that he paid her dental bill; that she was furnished with clothes as good as other members of the family; that she was taken with them on vacation trips to Washington, New York, Hamilton, Ontario, and other places, and that she was not required to do all of the housework. She helped her aunt. As to that she testified:

"I recall the day she died. She was helping me with the washing on the day she died. She worked very hard that day."

Considering the privileges she enjoyed, and the circumstances under which she performed her work, we think $25 a month in addition to her clothes is a reasonable value for the services she rendered. She has been paid approximately $2,440 for the 10-year period immediately preceding her aunt's death. At $25 a month she would have been entitled to $3,000. The difference is $560, to which should be added $25, the admitted balance due for her services after her aunt's death. The cause is remanded to the circuit court for the entry of a judgment in favor of the plaintiff in the sum of $585. The judgment appealed from is reversed, with costs to the defendant.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.